[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-15164
Non-Argument Calendar

_____

D.C. Docket No. 2:17-cr-00107-SPC-MRM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OLIVER ROCHER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 19, 2019)

Before JILL PRYOR, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Oliver Rocher appeals his 190-month sentence for five federal drug trafficking and firearm offenses.  He argues that his sentence is substantively unreasonable.  We disagree, and affirm.

## I.

Rocher entered a guilty plea to a five-count indictment charging him with distribution of a substance containing heroin; possession with intent to distribute a substance containing heroin, cocaine base, and cocaine; possession of a firearm by a convicted felon; and possession of a firearm in furtherance of a drug trafficking crime.  At sentencing, the district court adopted the probation officer's uncontested Sentencing Guidelines calculations, which provided a Guidelines range of 110–137 months' imprisonment on the first four charges, plus a mandatory minimum consecutive term of 60 months' imprisonment on the drug-trafficking firearm offense.

Rocher requested a downward variance to a total sentence of 120 months' imprisonment.  He submitted a psychologist's evaluation which stated that he was competent to stand trial but also opined that he suffered from bipolar disorder, posttraumatic stress disorder, and multiple substance abuse disorders.  He also pointed out that because—though he claimed not to know it at the time—the heroin

2

he sold was mixed with some unknown amount of fentanyl, the Guidelines required that the entire drug weight for the substance seized from him be assigned to fentanyl for purposes of calculating his base offense level.  This caused an unwarranted sentencing disparity, Rocher argued, because it gave him a much higher base offense level than other heroin sellers—the same as a defendant who had knowingly sold pure fentanyl.

After hearing argument from the parties and Rocher's statement in allocution, the district court discussed the sentencing factors in 18 U.S.C. § 3553 and concluded that a downward variance was not appropriate.  The court also concluded "based upon the seriousness of the offenses before the Court, the amount of drugs that were located, the type of drugs that were located, the fact that there was a firearm involved, and your history and characteristics, that a midpoint of the guideline sentence is appropriate."  The court sentenced Rocher to 130 months' imprisonment on counts 1, 2, and 4 and 120 months on Count 3, to run concurrently; 60 months' imprisonment on Count 5, to run consecutively to all other counts; and three years' supervised release.

## II.

We review the reasonableness of a sentence under the abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were

3

due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (citation omitted).  We will vacate a sentence for substantive unreasonableness only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190 (citation omitted).  The party challenging the sentence bears the burden of showing that it is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors.  *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015). Rocher has not met that burden here.

### III.

On appeal, Rocher argues that his sentence was substantively unreasonable because, in light of his family history and substance abuse problems and the impact of the unknown concentration of fentanyl on his Guidelines range, a lower sentence of 120 months would have been sufficient to comply with the statutory purposes of sentencing.  The district court adequately weighed those considerations, however, along with other factors under § 3553 such as Rocher's (admittedly extensive) criminal history and the serious nature of his crimes, in determining that a sentence of 190 months was appropriate.  Rocher's argument

4

that the district court ignored his mitigation evidence and based its sentencing decision entirely on his criminal history is directly contradicted by the record. The court stated that it had considered Rocher's argument and the materials that he had submitted, and it acknowledged his statements about the personal difficulties he was having at the time of the offenses. The court also considered Rocher's need for mental health treatment, recommending that he take advantage of mental health programs available in prison and ordering that he participate in a substance abuse treatment program while on supervised release.

We are also not persuaded by Rocher's sentence-disparity argument. Under the Guidelines, if a defendant sells a mixture of controlled substances, "the weight of the entire mixture or substance is assigned to the controlled substance that results in the greater offense level"—in this case, fentanyl. U.S.S.G. § 2D1.1(c), App. Note (A) (2016). This provision does not so much create a sentencing disparity among heroin sellers as it lumps all fentanyl sellers into the same category regardless of how strong the concentration of fentanyl is in their products. The fact that the district court did not adopt Rocher's disagreement with the policy reflected in this provision so that it could vary downward from his Guidelines range hardly makes the court's sentence unreasonable. To the contrary, while no presumption of reasonableness attaches to a within-Guidelines sentence, we

5

ordinarily "expect a sentence within the Guidelines range to be reasonable."

*United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

We also note that the court's sentences of 130 months' imprisonment for the drug trafficking crimes and 60 months' imprisonment for possessing a firearm in furtherance of a drug trafficking crime were well below the statutory maximum for those offenses. *See* 21 U.S.C. § 841 (b)(1)(C) (20 years); 18 U.S.C. § 924(c)(1)(a) (life). This fact is another indicator that Rocher's sentences were reasonable. *See United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016).

## IV.

Rocher has not shown that the district court considered any improper or irrelevant factor in arriving at his sentence, and the court's midpoint Guidelines sentence was well within the "range of reasonable sentences from which the district court may choose." *United States v. Chavez*, 584 F.3d 1354, 1365 (11th Cir. 2009) (citation omitted). We therefore affirm Rocher's convictions and sentences.

**AFFIRMED.**